**MDL 1997**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 24 2008

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE TEXT MESSAGING<br>ANTITRUST LITIGATION | ) ) ) ) | MDL DOCKET NO. _____ |

## ILLINOIS PLAINTIFFS' MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST CLASS ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C.§ 1407

Pursuant to 28 U.S.C. § 1407, plaintiffs Vaughanzella Smith-Howard, Rita Polk, Julian Marshall, Melanie Polk-Stamps, Kevin Konkel, Premier Investment Consulting, Jeffrey Robb and Elizabeth Smith (collectively, "Illinois Plaintiffs") respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order transferring the related antitrust class actions listed on the attached Schedule of Actions to the United States District Court for the Northern District of Illinois for consolidated or coordinated pretrial proceedings. In support of their motion, Illinois Plaintiffs state as follows:

1.     The actions for which transfer and consolidation are proposed arise out of substantially the same conduct and allege substantially similar claims. All actions are brought on behalf of direct purchasers of text messaging services alleging that defendants conspired to fix, raise, maintain and/or stabilize the prices of text messaging services sold in the United States.

**OFFICIAL FILE COPY**    IMAGED SEP 24 2008

2.     The centralization of the related actions in a single judicial district will promote the just and efficient conduct of the actions, serve the convenience of the parties and witnesses, and promote the interest of justice.

3.     The actions involve common factual and legal issues, including:  (a) whether the defendants engaged in a conspiracy to fix, raise, maintain or stabilize the prices of text messaging services in the United States; (b) the identity of the conspiracy's participants; (c) the nature and character of the acts performed by the defendants in furtherance of their conspiracy; (d) the duration and extent of the defendants' conspiracy; (e) whether the defendants' conspiracy violated Section 1 of the Sherman Act; (f) whether defendants' conspiracy caused injury to the business or property of the plaintiffs and members of the proposed class; (g) the effect of the defendants' conspiracy on the prices of text messaging services sold in the United States; and (h) the appropriate measure of damages sustained by plaintiffs and members of the proposed class.

4.     Consolidation of the actions will conserve judicial resources and reduce litigation costs by eliminating duplicative discovery and preventing potentially inconsistent class certification determinations and other pretrial rulings.

5.     The Northern District of Illinois is the most appropriate transferee because (1) the district is a convenient forum that is easily accessible for the parties and witnesses; and (2) the district has the expertise and resources necessary to expeditiously handle these complex cases.

6.     This motion is based on the accompanying memorandum of law, the pleadings and papers filed in this proceeding, and other oral or documentary evidence that may be presented to the Panel.

WHEREFORE, Illinois Plaintiffs respectfully request that the Panel enter an Order transferring the related antitrust class actions, as well as any cases that may subsequently filed

asserting similar or related claims, to the Northern District of Illinois for consolidated or coordinated pretrial proceedings.

DATED:  September 19, 2008

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**


By: _John Tangren_

Mary Jane Fait, Esq.
Theodore B. Bell, Esq.
John E. Tangren, Esq.
55 West Monroe Street
Suite 1111
Chicago, Illinois 60603
Telephone:  (312) 984-0000
Facsimile:  (312) 984-0001

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York  10016
Telephone:  (212) 545-4600
Facsimile:  (212) 686-0114

*Attorneys for Plaintiffs Vaughanzella
Smith-Howard, Rita Polk, Julian Marshall,
Melanie Polk-Stamps*


Marvin A. Miller
Matthew E. Van Tine
Lori A. Fanning
**MILLER LAW LLC**
115 S. LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2008 SEP 22  A 9: 48

RECEIVED
CLERK'S OFFICE

Shpetim Ademi
Guri Ademi
David Syrios
Corey Mather
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Telephone: (414) 482-8000
Facsimile: (414) 482-8001

*Attorneys for Plaintiffs Kevin Konkel,*
*Premier Investment Consulting, Jeffrey*
*Robb and Elizabeth Smith*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 24 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE TEXT MESSAGING ANTITRUST LITIGATION | ) ) ) ) | MDL DOCKET NO. _____ |

## ILLINOIS PLAINTIFFS' MEMORANDUM
## IN SUPPORT OF MOTION FOR TRANSFER AND
## CONSOLIDATION OF RELATED ANTITRUST CLASS ACTIONS
## TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C.§ 1407

Pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("the Panel"), plaintiffs Vaughanzella Smith-Howard, Rita Polk, Julian Marshall, Melanie Polk-Stamps, Kevin Konkel, Premier Investment Consulting, Jeffrey Robb and Elizabeth Smith (collectively, "Illinois Plaintiffs") respectfully submit this memorandum of law in support of their motion for transfer of actions to the Northern District of Illinois for coordinated or consolidated proceedings pursuant to 28 U.S.C. §1407.

## I.   INTRODUCTION

Beginning on September 10, 2008, putative class actions were filed in several federal district courts throughout the United States, alleging that defendants, wireless phone carriers, conspired to fix, raise, maintain or stabilize the prices for cellular phone text messaging services in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

13249

The seven related actions filed to date are pending in the Northern District of Illinois, the Northern District of Ohio, the District of Kansas, the District of New Jersey, the Eastern District of Texas and the Northern District of Texas:[1]

1.  *Smith-Howard, et al., v. AT&T, Inc., et al.*, Civil Action No. 1:08-cv-05198 (N.D. Ill.) (Hon. Ruben Castillo);

2.  *Konkel, et al., v. AT&T, Inc., et al.*, Civil Action No. 1:08-cv-05353 (N.D. Ill.) (Hon. Matthew F. Kennelly);[2]

3.  *Orians, et al., v. AT&T, Inc., et al.*, Civil Action No. 3:08-cv-02191 (N.D. Ohio) (Hon. James G. Carr);

4.  *Leslie v. Sprint Nextel Corporation, et al.*, Civil Action No. 2:08-cv-02432 (D. Kan.) (Hon. John W. Lungstrum);

5.  *Cuneo-Lieder Management & Development Corp. v. Verizon Wireless, et al.*, Civil Action No. 3:08-cv-04621 (D. N.J.) (Hon. Joel A. Pisano);

6.  *Trujillo v. Verizon Wireless, et al.*, Civil Action No. 3:08-cv-01628-G (N.D. Tex.) (Hon. A. Joe Fish); and

7.  *Clark v. Verizon Wireless, et al.*, Civil Action No. 1:08-cv-00549 (E.D. Tex.) (Hon. Marcia A. Crone).

As discussed below, consolidation and transfer of the related actions to the Northern District of Illinois pursuant to 28 U.S.C. § 1407 is appropriate.

## II.    ARGUMENT

The relevant statute, 28 U.S.C. § 1407, provides for the transfer, coordination and consolidation of actions where (1) the actions "involve[e] one or more common questions of fact;" (2) the transfer will further "the convenience of the parties and witnesses;" and (3) the transfer will "promote the just and efficient conduct of such actions." Here, the statutory requirements under § 1407 are easily satisfied. The related antitrust actions share common

---

[1]    A schedule of the related actions with full captions is submitted herewith.

[2]    Plaintiffs in the *Konkel* action have filed a motion requesting that the case be transferred to Judge Castillo before whom the earlier filed *Smith-Howard* action is pending.

questions of fact and law.  Moreover, transfer would further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation by avoiding duplicative discovery and the possibility of inconsistent pretrial rulings.

In addition, the Northern District of Illinois, where Illinois Plaintiffs' class actions are pending, is an appropriate transferee forum because (1) the Northern District of Illinois is a centrally located and convenient forum that is easily accessible for the parties and witnesses; and (2) the Northern District of Illinois has the expertise and resources necessary to expeditiously handle the related antitrust actions.

### A.    The Related Actions Involve Common Questions Of Fact And Law

Transfer and consolidation of related actions is appropriate where, as here, the actions share common issues as to the existence, scope and duration of an alleged antitrust conspiracy. *See, e.g., In re Foundry Resins Antitrust Litigation,* 342 F. Supp.2d 1346, 1347 (J.P.M.L. 2004) ("These actions share allegations concerning whether defendants participated in a combination or conspiracy to fix, raise, maintain, or stabilize the price of foundry resins."); *In re Cuisinart Food Processor Antitrust Litigation*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981) (transfer proper where actions shared "numerous questions of fact concerning the existence *vel non* of the alleged conspiracy and its scope, participants, means of operation and effects"); *In re Anthracite Coal Antitrust Litigation*, 436 F Supp. 402, 403 (J.P.M.L. 1977) ("As is often true in multidistrict antitrust actions, the actions . . . raise common factual questions concerning the existence, scope and effect of the alleged conspiracy.").

The related antitrust cases all allege that defendants engaged in a conspiracy to fix, raise, maintain or stabilize the price of text messaging services sold in United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  The related actions involve numerous common questions of law and fact, including:  (a) whether the defendants engaged in a conspiracy to fix,

raise, maintain or stabilize the prices of text messaging services in the United States; (b) the identity of the conspiracy's participants; (c) the nature and character of the acts performed by the defendants in furtherance of their conspiracy; (d) the duration and extent of the defendants' conspiracy; (e) whether the defendants' conspiracy violated Section 1 of the Sherman Act; (f) whether defendants' conspiracy caused injury to the business or property of the plaintiffs and members of the proposed class; (g) the effect of the defendants' conspiracy on the prices of text messaging services sold in the United States; and (h) the appropriate measure of damages sustained by plaintiffs and members of the proposed class.

The statutory requirement that the actions to be consolidated and transferred involve one or more common questions of fact is easily satisfied here.[3]

**B.      Consolidation and Transfer Will Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Actions.**

**1.      Duplicative Discovery Will Be Avoided.**

Transfer and consolidation of the related actions is also appropriate in order to avoid duplicative discovery, thus minimizing the inconvenience and expense to the parties and witnesses, as well as conserving judicial resources. *See, e.g., In re Sulfuric Acid Antitrust Litigation*, 270 F. Supp.2d 1379, 1380 (J.P.M.L. 2003) (transfer of class actions alleging a

---

[3]      Some of the cases name as defendants entities and corporate affiliates not named in other complaints. That the defendants in the related cases are not completely identical does not, however, preclude transfer and consolidation pursuant to 28 U.S.C. § 1407. *See In re Motor Fuel Temperature Sales Practices Litigation*, 493 F. Supp.2d 1365, 1366-67 (J.P.M.L. 2007) ("We are not persuaded by the arguments of the two opposing defendants that lack of identity among the defendants in these actions warrants a different result. Indeed, transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that . . . allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings of common issues . . . .") (citing *In re Multi-Piece Rim Products Liability Litigation*, 464 F. Supp. 969, 974 (J.P.M.L. 1979)).

One of the cases also includes claims under state law based on the same facts. As the Panel recently emphasized in *In re Gadolinium Contrast Dyes Products Liability Litigation*, 536 F. Supp.2d 1380, 1382 (J.P.M.L. 2008), however, "[t]ransfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer."

conspiracy to fix the price of sulfuric acid "necessary in order to eliminate duplicative discovery"); *In re Swine Flu Immunization Liability Litigation*, 446 F. Supp. 244, 247 (J.P.M.L. 1978) (transfer "necessary to prevent duplicative discovery concerning the same documents and witnesses"); *In re Boise Cascade Securities Litigation*, 364 F. Supp. 459, 461 (J.P.M.L. 1973) ("only by placing both actions under the supervision of a single judge can we be assured that duplication of discovery and unnecessary expenditure of judicial time and energy will be avoided").

### 2.     Conflicting or Inconsistent Pretrial Rulings Will Be Avoided.

The Panel has also recognized that transfer is proper where necessary to avoid the potential of conflicting or inconsistent pretrial rulings. *See, e.g., In re America Online, Inc. Version 6.0 Software Litigation*, 162 F. Supp. 2d 690, 691 (J.P.M.L. 2001) ("Centralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary'); *In re Multi-Piece Rim Products Liability Litigation*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (transfer necessary "to eliminate the possibility of conflicting pretrial rulings concerning these common factual issues").

Transfer of putative class actions is particularly appropriate in order to avoid inconsistent rulings with respect to class certification. *See, e.g., In re Wireless Telephone 911 Calls Litigation*, 259 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) (centralization necessary to "prevent inconsistent rulings, especially with respect to class certification"); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) ("the need to insure uniform disposition for the competing requests for class designations presents a compelling reason for supervision of these actions in a single district"); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations").

Transfer of the related cases, all of which are putative class actions, will avoid the prospect of inconsistent pretrial rulings and class determinations, thereby providing for more just and efficient conduct of the litigation.

**C.**     **The Northern District of Illinois Is the Appropriate Forum for Coordinated Pretrial Proceedings.**

**1.**     **The Northern District of Illinois Is Centrally Located and Convenient for the Parties and Witnesses.**

The related class actions are pending in several districts around the country, including the Northern District of Illinois, the Northern District of Ohio, the District of Kansas, the District of New Jersey, the Northern District of Texas and the Eastern District of Texas.  The parties are also geographically diverse, with plaintiffs and defendants located throughout the United States.

The Panel has frequently recognized that the Northern District of Illinois is an appropriate forum for consolidated proceedings because it is centrally located and easily accessible for the parties and witnesses.  For instance, the Panel concluded in *In re Wireless Telephone 911 Calls Litigation*, "On balance, we conclude that the Northern District of Illinois is an appropriate transferee forum for this litigation.  We note that . . . this geographically central location is relatively convenient for the parties." 259 F. Supp. 2d at 1373-74.  Similarly, in *In re African- American Slave Descendants Litigation*, the Panel noted, "In concluding that the Northern District of Illinois is an appropriate forum for this docket, we note that this geographically central district will be a convenient location for a litigation becoming nationwide in scope . . . ." 231 F. Supp. 2d at 1358.  *See also In re Aimster Copyright Litigation*, 177 F. Supp. 2d at 1382 ("the Northern District of Illinois is a convenient, central forum."); *In re MLR, LLC, Patent Litigation*, 269 F. Supp. 2d 1380, 1382 (J.P.M.L. 2003) ("We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation . . . the Illinois forum is a central and easily accessible location for all parties"); *In re Sulfuric Acid Antitrust*

*Litigation*, 270 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("In concluding that the Northern District of Illinois is an appropriate forum for this docket, we note that the Illinois district . . . is an accessible and geographically central location for both the domestic and foreign MDL-1536 parties"); *In re McDonald's Corp. Promotional Games Litigation*, 192 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) ("We are persuaded that the Northern District of Illinois is the appropriate transferee forum . . . the geographically central district will be a convenient location for a litigation already nationwide in scope"); *In re America Online, Inc., Version 6.0 Software Litigation*, 162 F. Supp. 2d 690, 691 (J.P.M.L. 2001) ("the Northern District of Illinois is the appropriate transferee forum .... the geographically central district will be a convenient location for a litigation already nationwide in scope"); *In re "Factor VII or IX Concentrate Blood Products" Product Liability Litigation*, 853 F. Supp. 454, 455 (J.P.M.L. 1993) ("In selecting the Northern District of Illinois as the transferee forum, we note that ... Chicago is a geographically central location for this nationwide litigation").

Geographic centrality is particularly important where, as here, the litigation is nationwide in scope. *See, e.g., In re Owen Federal Bank FSB Mortgage Servicing Litigation*, 314 F. Supp.2d 1376, 1379 (J.P.M.L. 2004) ("the [transferee] district is geographically centrally located for these actions which are pending throughout the United States"); *In re Sulfuric Acid Antitrust Litigation*, 270 F. Supp.2d 1379, 1380 (J.P.M.L. 2003) ("we note that the [transferee] district is an accessible and geographically central location for both the domestic and foreign MDL-1536 parties"); *In re African-American Slave Descendants Litigation*, 231 F. Supp.2d 1357, 1358 (J.P.M.L. 2003) ("we note that this geographically central district will be a convenient location for a litigation becoming nationwide in scope").

The Northern District of Illinois, served by two major airports and centrally located in the Midwest, is the most appropriate transferee forum for this litigation with parties and potential witnesses from throughout the United States.

### 2.    The Northern District of Illinois Has the Expertise and Resources Necessary to Manage the Related Actions.

Another factor considered by the Panel is the experience of a potential transferee forum in managing multidistrict litigation. *See, e.g., In re Janus Mutual Funds Investment Litigation*, 310 F. Supp.2d 1359, 1361 (J.P.M.L. 2004) ("we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course.").

The Northern District of Illinois has ample experience in managing complex multidistrict litigation transferred by the Panel. *See, e.g., In re Sulfuric Acid Antitrust Litigation*, 270 F. Supp. 2d 1379 (J.P.M.L. 2003); *In re MLR, LLC, Patent Litigation*, 269 F. Supp. 2d 1380 (J.P.M.L. 2003); *In re Wireless Telephone 911 Calls Litigation*, 259 F. Supp. 2d 1372 (J.P.M.L. 2003); *In re African-American Slave Descendants Litigation*, 231 F. Supp. 2d 1357 (J.P.M.L. 2002); *In re McDonald's Promotional Games Litigation*, 192 F. Supp. 2d 1381 (J.P.M.L. 2002); *In re Aimster Copyright Litigation*, 177 F. Supp. 2d 1380 (J.P.M.L. 2001); *In re America Online, Inc., Version 6.0 Software Litigation*, 162 F. Supp. 2d 690 (J.P.M.L. 2001); *In re Amsted Indust. Inc. "ERISA" Litigation*, 162 F. Supp. 2d 697 (J.P.M.L. 2001); *In re Brand Name Prescription Drugs Antitrust Litigation*, 1994 WL 663590 (N.D. Ill. Nov. 18, 1994); *In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation*, 853 F. Supp. 454 (J.P.M.L. 1993); *In re Air Crash Disaster at Sioux City, Iowa*, 128 F.R.D. 131 (J.P.M.L. 1989); *In re Air Crash Disaster Near Chicago, Ill.*, 476 F. Supp. 445 (J.P.M.L. 1979); *In re Oil Spill by the AAmoco Cadiz® Off Coast of France*, 471 F. Supp. 473 (J.P.M.L. 1979); *In re Uranium Industry Antitrust*

*Litigation*, 458 F. Supp. 1223 (J.P.M.L. 1978); *In re General Motors Corp. Engine Interchange Litigation*, 441 F. Supp. 933 (J.P.M.L. 1977).

The Panel has also considered the potential judge's experience as a factor in determining the appropriate transferee forum. *See, e.g., In re Aimster Copyright Litigation*, 177 F. Supp. 2d at 1382 (transferring actions to the Northern District of Illinois for the purpose of "assigning this litigation to a judge who is highly experienced"); *In re African-American Slave Descendants Litigation*, 231 F. Supp. at 1358 (transfer to the Northern District of Illinois proper where "the judge assigned to the action pending in this district is a seasoned jurist who can steer this litigation on a steady and expeditious course"); *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) ("no single district stands out as the geographical focal point for this nationwide litigation. Thus, we have searched for a transferee judge with the time and experience to steer this litigation on a prudent course.").

The first filed of Illinois Plaintiffs' class actions in the Northern District of Illinois is pending before the Honorable Ruben Castillo.[4] Judge Castillo is an experienced jurist, having served on the District Court for the Northern District of Illinois since 1994. He has also presided over numerous class actions and other complex litigation, including *In re Aircrash Disaster Near Roseland, Indiana On October 31, 1994*, No. 95 C 4593, MDL 1070, and *In re Discovery Zone Securities Litigation*, No. 94 C 7089. Judge Castillo is therefore be capable of steering this litigation on an expeditious and prudent course.

The Panel has also considered whether a potential transferee forum has the necessary resources to handle the consolidated litigation. *See, e.g., In re Methyl Methacrylate (MMA) Antitrust Litigation*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006) (transferring to a district that "is well equipped with the resources that this complex antitrust docket is likely to require"); *In re*

---

[4]    As noted above, plaintiffs in the other action pending in the Northern District of Illinois have filed a motion requesting that the case be transferred to Judge Castillo.

*Ace Limited Securities Litigation*, 370 F. Supp. 2d 1353, 1355 (J.P.M.L. 2003) (concluding that the transferee forum "possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require"). The Northern District of Illinois is a large urban court well equipped to handle complex litigation. *See In re Sulfuric Acid Antitrust Litigation*, 270 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) (concluding that the Northern District of Illinois was "equipped with the resources that this complex antitrust docket is likely to require").

The Panel has also considered the extent to which potential transferee districts and judges have other pending multidistrict litigation. *See, e.g., In re Gator Corp. Software Trademark & Copyright Litigation*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed with other multidistrict dockets"); In re *Serzone Products Liability Litigation*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002) ("centralization in this district permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently overtaxed with other multidistrict dockets").

According to the latest Distribution of Pending MDL Dockets, issued by the Panel and current as of September 8, 2008, the judge to whom the action pending in the Northern District of Ohio is assigned, the Honorable James G. Carr, already presides over an MDL transferred case, MDL-1953, *In re Heparin Products Liability Litigation*. The Honorable A. Joe Fish, to whom the action pending in the Northern District of Texas is assigned, also currently presides over another MDL litigation, MDL-1578, *In re UICI "Association-Group" Insurance Litigation*. Similarly, the judge assigned to the action pending in the District of Kansas, the Honorable John W. Lungstrum, already presides over two multidistrict cases, MDL-1468, *In re Universal Service Fund Telephone Billing Practices Litigation*, and MDL-1616, *In re Urethane Antitrust*

10

*Litigation.* In contrast, Judge Castillo, the judge presiding over the first filed action pending in

the Northern District of Illinois, has no MDL litigation currently pending before him.[5]

## III.    CONCLUSION

For the reasons stated above, Illinois Plaintiffs respectfully request that the Panel enter an

Order transferring all related actions, as well as any cases that may subsequently filed asserting

similar or related claims, to the Northern District of Illinois for consolidated and coordinated

pretrial proceedings.

DATED:  September 19, 2008                          Respectfully submitted,

                                                   **WOLF HALDENSTEIN ADLER**
                                                     **FREEMAN & HERZ LLC**


                                                   By: _John Tang_____
                                                   Mary Jane Fait, Esq.
                                                   Theodore B. Bell, Esq.
                                                   John E. Tangren, Esq.
                                                   55 West Monroe Street
                                                   Suite 1111
                                                   Chicago, Illinois 60603
                                                   Telephone:  (312) 984-0000
                                                   Facsimile:  (312) 984-0001

                                                   Fred T. Isquith
                                                   **WOLF HALDENSTEIN ADLER**
                                                     **FREEMAN & HERZ LLC**
                                                   270 Madison Avenue
                                                   New York, New York  10016
                                                   Telephone:  (212) 545-4600
                                                   Facsimile:  (212) 686-0114

                                                   *Attorneys for Plaintiffs Vaughanzella*
                                                   *Smith-Howard, Rita Polk, Julian Marshall,*
                                                   *Melanie Polk-Stamps*

---

[5]      The Northern District of Illinois also has favorable docket statistics when compared to other
potential transferee forums where the related class actions are now pending.  According to the Judicial
Caseload Profile Report for the 12-month period ending September 30, 2007, the median time from filing
to disposition for civil cases in the Northern District of Illinois was 6.2 months, as compared to 10.0
months in the Northern District of Ohio, 9.0 months in the Eastern District of Texas, 8.6 months in the
District of Kansas, 7.6 months in the District of New Jersey, and 6.8 months in the Northern District of
Texas.

Marvin A. Miller
Matthew E. Van Tine
Lori A. Fanning
**MILLER LAW LLC**
115 S. LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

Shpetim Ademi
Guri Ademi
David Syrios
Corey Mather
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Telephone: (414) 482-8000
Facsimile: (414) 482-8001

*Attorneys for Plaintiffs Kevin Konkel,*
*Premier Investment Consulting, Jeffrey*
*Robb and Elizabeth Smith*

RECEIVED
CLERK'S OFFICE
2008 SEP 22 A 9: 49
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 4 2008

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE TEXT MESSAGING<br>ANTITRUST LITIGATION | ) <br> )     MDL DOCKET NO. _____ <br> ) <br> ) |

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Vaughanzella Smith-Howard; Rita Polk; Julian Marshall and Melanie Polk-Stamps<br><br>**Defendants:**<br>AT&T, Inc.; AT&T Mobility LLC; Sprint Nextel Corporation; Verizon Wireless; Verizon Communications, Inc.; Vodafone Group PLC; T-Mobile International AG; and T-Mobile USA, Inc. | N.D. Illinois | 1:08-cv-05198 | Hon. Ruben Castillo |
| **Plaintiffs:**<br>Kevin Konkel, Premiere Investment Counseling, Jeffrey Robb and Elizabeth Smith | N.D. Illinois | 1:08-cv-05353 | Hon. Matthew F. Kennelly[1] |

---

[1]    Plaintiffs in the *Konkel* action have filed a motion requesting that the case be transferred to Judge Castillo before whom the earlier filed *Smith-Howard* action is pending.

13249

| | | | |
|---|---|---|---|
| **Defendants:**<br>AT&T, Inc.; AT&T Mobility LLC; Sprint Nextel Corporation; Verizon Wireless; Verizon Communications, Inc.; Vodafone Group PLC; T-Mobile International AG; and T-Mobile USA, Inc. | | | |
| **Plaintiff:**<br>Lourdes Leslie<br><br>**Defendants:**<br>Sprint Nextel Corporation; Verizon Wireless; Verizon Communications, Inc.; AT&T, Inc.; AT&T Mobility LLC; Vodafone Group PLC; T-Mobile International AG; and T-Mobile USA, Inc. | D. Kansas | 2:08-cv-02432 | Hon. John W. Lungstrum |
| **Plaintiffs:**<br>Cuneo-Lieder Management & Development Corp.<br><br>**Defendants:**<br>Verizon Wireless; AT&T, Inc.; Sprint Nextel Corp.; and T-Mobile USA | D. New Jersey | 3:08-cv-04621 | Hon. Joel A. Pisano |
| **Plaintiffs:**<br>Susan Orians; James Reaster; Mecca Keener; Zac Flores; Brandon Weaver; Kristen Kastel and Kim Kastel<br><br>**Defendants:**<br>AT&T Inc.; Sprint Nextel Corp.; T-Mobile USA Inc.; Verizon Communications, Inc. and Alltel Corporation | N.D. Ohio | 3:08-cv-02191 | Hon. James G. Carr |
| **Plaintiff:**<br>Christiane Trujillo<br><br>**Defendants:**<br>Verizon Wireless; Verizon Communications, Inc.; AT&T, Inc.; AT&T Mobility LLC; Sprint Nextel Corporation; Vodafone Group PLC; T-Mobile International AG; and T-Mobile USA, Inc., | N.D. Texas | 3:08-cv-01628 | Hon. A. Joe Fish |
| **Plaintiff:**<br>Joseph F. Clark | E.D. Texas | 3:08-cv-00549 | Hon. Marcia A. Crone |

13249

| Defendants:<br>Verizon Wireless; Verizon Communications, Inc.;<br>AT&T, Inc.; AT&T Mobility LLC; Sprint Nextel<br>Corporation; Vodafone Group PLC; T-Mobile<br>International AG; and T-Mobile USA | | | |
|---|---|---|---|

RECEIVED
CLERK'S OFFICE

2008 SEP 22  A  9 49

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

13249

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 24 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

_____     :

**IN RE TEXT MESSAGING**              :
     **ANTITRUST LITIGATION**          :      **MDL Docket No. _____**

_____     :

### CERTIFICATE OF SERVICE

I, Latrice Douglas hereby certify that true and correct copies of the following documents were served by Wolf Haldenstein Adler Freeman & Herz LLC upon all parties listed on the attached service list by U.S. Mail on September 19, 2008:

    1.     *Illinois Plaintiffs' Motion for Transfer and Consolidation of Related Antitrust Class Actions to the Northern District of Illinois pursuant to 28 U.S.C. § 1407;*

    2.     *Illinois Plaintiffs' Memorandum in Support of their Motion for Transfer and Consolidation of Related Antitrust Class Actions to the Northern District of Illinois pursuant to 28 U.S.C. § 1407;*

    3.     *Schedule of Actions;* and

    4.     *Certificate of Service.*

_____
Latrice Douglas

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 24 2008

FILED
CLERK'S OFFICE

*In re Text Messaging Antitrust Litigation*; MDL No. _____
**MDL Service List**

**PLAINTIFFS:**

Richard L. Coffman
**THE COFFMAN LAW FIRM**
1240 Orleans, Suite 200
Beaumont, TX 77701
T: (409) 833-7700
F: (866) 835-8250
Email: rc@cofflaw.com

*Attorney for Plaintiff Joseph F. Clark*


David W. Zoll
Wesley D. Merillat
**ZOLL & KRANZ**
6620 Central Avenue, Ste. 200
Toledo, OH 43617
T: (419) 841-9623
F: (419) 841-9719
Email: david@toledolaw.com
Email: wes@toledolaw.com

Janet G. Abaray
**BURG SIMPSON ELDREDGE HERSH
JARDINE –
CINCINNATI**
312 Walnut Street, Ste. 2090
Cincinnati, OH 45202
T: (513) 852-5600
F: (513) 852-5611
Email: jabaray@burgsimpson.com

*Attorneys for Plaintiffs' Susan Orians,
James Reaster, Mecca Keener, Zac Flores,
Kristen Kastel, Kim Kastel, and Brandon
Weaver*


Richard L. Coffman
**THE COFFMAN LAW FIRM**
First City Building
505 Orleans, Suite 505
Beaumont, TX 77701
T: (409) 833-7700
F: (866) 835-8250
Email: rc@cofflaw.com

Michael L. Jones
**HENRY & JONES LLP**
2902 Carlisle Street, Suite 150
Dallas, TX 75204
T: (214) 954-9700
F: (214) 954-9701
Email: mjones@henryandjones.com

*Attorneys for Christiane Trujillo*


Jared B. Stamell
**STAMELL & SCHAGER, LLP**
One Libery Plaza, 35th Floor
New York, NY 10006
T: (212) 566-4047
Email: stamell@ssnyc.com

*Attorney for Cuneo-Leider Management &
Development Corp.*


Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
T: (816) 714-7112
F: (816) 714-7101
Email: siegel@stuevesiegel.com

*Attorney for Lourdes Leslie*

**DEFENDANTS:**

AT&T, Inc.
175 E. Houston
San Antonio, TX  78205-2233

AT&T Mobility, LLC
Glenridge Highlands Two
5565 Glenridge Connector
Atlanta, GA  30342

T-Mobile International AG
Landgrabenweg 151
53227 Bonn, Germany

T-Mobile USA, Inc.
12920 SE 38th Street
Bellevue, WA  98006

Sprint Nextel Corporation
6200 Sprint Parkway
Overland Park, KS  66251

Verizon Wireless
One Verizon Way
Basking Ridge, NJ  07920

Verizon Communications, Inc.
140 West Street
New York, NY  10007

Vodafone Group PLC
Vodafone House
The Connections
Newbury, Berkshire  RG14 2FN-England

Alltel Communications
C/O CT Corporation System
111 Eighth Avenue
New York, New York, 10011

**CLERKS OF THE COURT:**

Clerk of the Court
United States District Court
  For the Northern District of Illinois
219 S. Dearborn Street, 20th Floor
Chicago, IL  60604

Clerk of the Court
United States District Court
  For the District of Kansas
259 Robert J. Dole
  United States Courthouse
500 State Avenue
Kansas City, KS 66101-2400

Clerk of the Court
United States District Court
  For the District of New Jersey
4015 Martin Luther King, Jr.
  Federal Bldg and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Clerk of the Court
United States District Court
  For the Northern District of Ohio
Carl B. Stokes United States
  Court House
801 West Superior Avenue
Cleveland, OH 44113

Clerk of the Court
United States District Court
  For the Northern District of Texas
1452 Earle Cabell Federal Bldg and
  United States Courthouse
1100 Commerce Street
Dallas, TX 75242-1310

Clerk of the Court
United States District Court
  For the Eastern District of Texas
106 William M. Steger Federal Bldg
  and United States Courthouse
211 West Ferguson Street
Tyler, TX 75702

RECEIVED
CLERK'S OFFICE

2008 SEP 22  A 9: 50

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION