UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**Dec 03, 2008**

FILED
CLERK'S OFFICE

IN RE: TEXT MESSAGING ANTITRUST
LITIGATION                                                                    MDL No. 1997

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Northern District of Illinois, the Eastern District of Louisiana, and the District of District of Columbia have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiffs in two Northern District of Illinois actions have moved for centralization in the Northern District of Illinois or, alternatively, the District of New Jersey; (2) plaintiffs in the Eastern District of Louisiana action have moved for centralization in the Eastern District of Louisiana or, alternatively, the Northern District of Ohio; and (3) plaintiff in one District of District of Columbia action has moved for centralization in the District of District of Columbia. Responding plaintiffs and defendants agree that centralization is appropriate and variously support one or more of the suggested transferee districts or the following districts: the Eastern District of Pennsylvania, the District of Puerto Rico, or the Western District of Washington.

This litigation currently consists of sixteen actions listed on Schedule A and pending in twelve districts: three actions in the Northern District of Illinois; two actions each in the District of District of Columbia and the Southern District of Mississippi; and one action each in the Eastern District of Arkansas, the District of Kansas, the Eastern District of Louisiana, the District of New Jersey, the Northern District of Ohio, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Texas, and the Northern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient

---

[*]   Judge Motz and Judge Miller did not participate in the disposition of this matter.

[1]   The Panel has been notified that fifteen additional related actions have been filed: three actions in the Northern District of Illinois; two actions each in the District of Kansas and the Eastern District of New York; and one action each in the Northern District of Alabama, the District of Arizona, the Northern District of California, the Southern District of Illinois, the Southern District of Mississippi, the District of Nevada, the District of Puerto Rico, and the Western District of Washington. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

conduct of this litigation.   These actions share factual questions relating to allegations that defendants conspired to fix, raise, maintain, and stabilize the price of text messaging services sold in the United States in violation of the Sherman Antitrust Act.   Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation.  This district, where six actions are now pending, provides a relatively central forum for this nationwide litigation.  In addition, Judge Matthew F. Kennelly has the time and experience to steer this docket on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz[*]          Robert L. Miller, Jr.[*]
Kathryn H. Vratil            David R. Hansen
W. Royal Furgeson, Jr.

**IN RE: TEXT MESSAGING ANTITRUST
LITIGATION**                                                          MDL No. 1997

## SCHEDULE A

Eastern District of Arkansas

Tina L. Dillinger v. AT&T, Inc., C.A. No. 4:08-3008

District of District of Columbia

Kim A. Cosgrove v. Verizon Wireless, et al., C.A. No. 1:08-1575
Marie Fernandez v. Verizon Wireless, et al., C.A. No. 1:08-1621

Northern District of Illinois

Vaughanzella Smith-Howard, et al. v. AT&T, Inc., et al., C.A. No. 1:08-5198
Kevin Konkel, et al. v. AT&T, Inc., et al., C.A. No. 1:08-5353
Mathieu Brousseau, et al. v. AT&T, Inc., et al., C.A. No. 1:08-5401

District of Kansas

Lourdes Leslie v. Sprint Nextel Corp., et al., C.A. No. 2:08-2432

Eastern District of Louisiana

Andee Roussel, et al. v. AT&T Mobility, LLC, et al., C.A. No. 2:08-4408

Southern District of Mississippi

Rodney Cain v. AT&T Mobility, LLC, et al., C.A. No. 1:08-632
Kenny Knight, et al. v. AT&T Mobility LLC, et al., C.A. No. 3:08-592

District of New Jersey

Cuneo-Leider Management & Development Corp. v. Verizon Wireless, et al.,
      C.A. No. 3:08-4621

Northern District of Ohio

Susan Orians, et al. v. AT&T, Inc., et al., C.A. No. 3:08-2191

- A2 -

**MDL No. 1997 Schedule A (Continued)**

Eastern District of Pennsylvania

Mark Reinhart v. Verizon Wireless, Inc., et al., C.A. No. 5:08-4607

District of Puerto Rico

Luis A. Maldonado-Mercado v. Verizon Wireless, Inc., et al., C.A. No. 3:08-2100

Eastern District of Texas

Joseph F. Clark v. Verizon Wireless, et al., C.A. No. 1:08-549

Northern District of Texas

Christiane Trujillo v. Verizon Wireless, et al., C.A. No. 3:08-1628